UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON ALBERTI,

     Plaintiff,

v.                               Case No.:  8:23-cv-2191-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Jason Alberti seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at \*2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 18, 2020, alleging disability beginning December 3, 2009. (Tr. 124, 228-29). Plaintiff later amended the onset date of disability to June 1, 2019. (Tr. 18, 48).

The application was denied initially and on reconsideration. (Tr. 124, 131). Plaintiff requested a hearing and on April 26, 2023, a hearing was held before Administrative Law Judge Anne Sprague ("ALJ"). (Tr. 45-80). On May 11, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from June 1, 2019, the amended alleged onset date, through December 31, 2020, the date last insured. (Tr. 18-35). On July 27, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed September 27, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged disability onset date of June 1, 2019, through his date last insured of December 31, 2020. (Tr. 21). The ALJ noted that Plaintiff worked after the amended alleged disability onset date, but this work activity did not rise to the level of substantial gainful activity. (Tr. 21). At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: "osteoarthritis, bilateral knees; degenerative disc disease; migraine headaches; obesity; posttraumatic stress disorder (PTSD)." (Tr. 21). At step three,

the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 22).

Before proceeding to step four, the ALJ found that through the date last insured, Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant could lift and carry no more than 20 pounds occasionally and 10 pounds frequently; stand and walk up to 6 hours in an 8-hour workday; sit up to 6 hours in an 8-hour workday; was limited to frequently climbing stairs, ramps, ladders, scaffolds or ropes, balancing, stooping, kneeling, crouching, and crawling; was limited to frequent exposure to unprotected heights, dangerous equipment, and loud noise; and could have only occasional interaction with the public, supervisors, and coworkers.

(Tr. 24).

At step four, the ALJ determined that through the date last insured, Plaintiff was not capable of performing his past relevant work as a firefighter, driver – sales route, and window cleaner/construction worker II. (Tr. 32-33). At step five, the ALJ found that considering Plaintiff's age (41 years old on the date last insured), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have

performed. (Tr. 33). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1)   Routing clerk, DOT[1] 222.687-022, light, unskilled, SVP 2

(2)   Mail clerk, 209.687-026, light, unskilled, SVP 2

(3)   Cafeteria attendant, DOT 311.677-010 light, unskilled, SVP 2

(4)   Ampoule sealer, DOT 559.687-014, sedentary, unskilled, SVP 2

(5)   Escort vehicle driver, DOT 919.663-022, sedentary, unskilled, SVP 2

(Tr. 34). The ALJ concluded that Plaintiff had not been under a disability from June 1, 2019, the amended alleged onset date, through December 31, 2020, the date last insured. (Tr. 35).

## II.    Analysis

On appeal, Plaintiff raises two issues:

(1)    The ALJ's decision was in error in its evaluation of Plaintiff's complaints regarding his migraine headaches; and

(2)    The ALJ's decision was in error in failing to evaluate whether Plaintiff's migraine headache condition equaled a listed impairment.

(Doc. 22, p. 3, 5).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

A. **Subjective Complaints of Migraine Headaches**

Plaintiff argues that the ALJ did not give clear and convincing reasons to discount or implicitly discount Plaintiff's testimony on the severity of his migraine headaches. (Doc. 22, p. 4-5). The Commissioner contends that the ALJ properly considered Plaintiff's subjective complaints, including his migraine headaches. (Doc. 23, p. 6). The Commissioner claims that the ALJ discussed the medications prescribed for this condition as well as the conservative treatment Plaintiff received. (Doc. 23, p. 7-8). The Commissioner also argues that the ALJ's decision is replete with evidence showing Plaintiff's daily activities do not indicate that his condition is as limiting as claimed. (Doc. 23, p. 8). The Commissioner contends that the ALJ considered the relevant evidence of Plaintiff's condition as a whole when evaluating his subjective complaints. (Doc. 23, p. 10). Plaintiff's argument has merit.

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision at step two, the ALJ found Plaintiff's migraine headaches were a severe impairment. (Tr. 21). Medical records document Plaintiff's complaints of chronic migraine headaches without aura and also document modifications of medication regimens by medical professionals to try to lessen Plaintiff's symptoms, chiefly without success. (Tr. 498; 505-507; 520-24; 530-312; 566-67; 589-90). The ALJ noted that this impairment, along with the others listed, "caused at least more than a minimal functional limitation in the claimant's ability to perform basic work activities through the date last insured." (Tr. 21).

Later in the decision, the ALJ summarized Plaintiff's subjective complaints, including his allegations that his ability to work and hold a job was limited because of migraines as well as other physical and mental conditions. (Tr. 25). The ALJ then found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical or other evidence of record for the reasons stated in the decision. (Tr. 25).

In the final mention or discussion of migraine headaches in the decision, the ALJ determined:

> With respect to his migraine headaches, the claimant was on a combination of propranolol, topiramate, and Imitrex for migraines during the relevant time, but did not treat at a hospital, emergency room, or clinic for any acute

exacerbations of migraine headaches and denied any nausea, vomiting, or aura (Ex. C2F, p. 121). Shortly prior to the date last insured, in November 2020, a neurologist at the VA assessed the claimant with chronic migraine without aura. At that time, the claimant reported having more than 15 headaches a month with multiple incapacitating headaches per week, and that he tried multiple medications without significant improvement. (Ex. C2F, pp. 56-57). The doctor requested approval through the VA for a trial of AIMOVIG.

(Tr. 26-27).

In essence, the ALJ noted that Plaintiff's doctors prescribed a combination of medications for his migraine headaches and, even though Plaintiff tried multiple medications, he did not receive significant improvement from them. (Tr. 26). The ALJ also noted that Plaintiff went to a neurologist for his migraine headaches, reported he had 15 headaches a month, and reported multiple incapacitating headaches per week. (Tr. 26-27).

Even though the ALJ found migraines a severe impairment at step two, later in the decision she appeared skeptical of Plaintiff's allegations of disabling migraines by finding he had not gone to a hospital, emergency room, or clinic for exacerbations of his migraine symptoms, and he denied any nausea, vomiting or aura. (Tr. 26). Later in the decision, the ALJ gave Plaintiff "the benefit of his subjective reports and his service-connected impairments in finding that he was limited to a reduced range of light exertional activity through the date last insured, with interaction restrictions to accommodate his reported anger and relationship issues with others during this time." (Tr. 29). Despite these statements, the decision

is unclear as to whether the ALJ actually discounted Plaintiff's allegations of limitations from migraine headaches. Simply put, the decision lacks any clear articulation of explicit and adequate reasons for not accounting for any limitations caused by migraine headaches in the RFC assessment.

In addition, because the ALJ found migraine headaches a severe impairment at step two, she needed to articulate what significant limitations to work activity were caused by this impairment, or state that this impairment was non-severe. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021) (citing *Battles v. Colvin*, No. 8:15-cv-339-T-33TGW, 2016 WL 3360428, at *3 (M.D. Fla. May 20, 2016), *report and recommendation adopted sub nom. Battles v. Comm'r of Soc. Sec.*, No. 8:15-CV-339-T-33TGW, 2016 WL 3258423 (M.D. Fla. June 14, 2016). The ALJ cannot have it both ways, in other words, she had to reconcile the inconsistency in the decision. *Id.* While the RFC has some limitations that could be attributed to migraine headaches, such as frequent exposure to unprotected heights, dangerous equipment, and loud noise, the ALJ did not link these limitations to Plaintiff's complaints of migraine headaches. Indeed, these limitations could also apply to one of Plaintiff's other impairments, such as PTSD. Nor did the ALJ address the possible limitations caused by the frequency, duration, and severity of the migraine headaches.

The Court should not be left to speculate about the functional impact caused by impairments, such as migraine headaches and whether such impact was included in the RFC. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, at *5 (M.D. Fla. Sept. 22, 2021). Remand is warranted given the ALJ's failure to clearly articulate reasons to discount Plaintiff's subjective complaints of migraine headaches and failure to articulate a link between this condition and any significant limitations of work activity caused by this condition in the RFC assessment.

## B.   Remaining Issue

Plaintiff also challenges whether the ALJ properly considered if Plaintiff's migraine headache condition met a listing.[2] Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's subjective

---

[2] The Court recognizes that Plaintiff cited Listing 11.03 in his brief. (Doc. 22, p. 7). As the Commissioner points out, Listing 11.03 shows "[Reserved]" in the listings and apparently was removed and combined with Listing 11.02 in 2016. Nevertheless, because this action is remanded on other grounds, the Court directs the Commissioner to reconsider whether Plaintiff's impairments met a listing.

complaints related to migraine headaches, specifically address the frequency, duration, and severity of the migraines and how they impact the RFC assessment. The Commissioner should also consider whether any of Plaintiff's impairments meets or medically equals a listing. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 15, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties